Howell, J.
This is an application for a writ of prohibition to be directed to the Judge of the Second District Court of New Orleans, forbidding him to proceed further in the matter of- the Succession of Alexander Gordon, and in the cause of John D. Champlin ot als. v. W. G. Bakewell and A. B. Gordon, Executors of said Alexander-Gordon, and forbidding him to entertain any probate or other jurisdicition in the mortuary proceedings of said estate, and especially in the matter.of the dismissal of the said executors, and further, ordering him to transfer the record and mortuary proceedings in the said succession to the Fifth District Court of New Orleans, where the said succession was first opened, and forbidding the said Champlin et als. from proceeding in the said Second District Court with their said suit or any action in said court in the said mortuary proceedings of Alexander Gordon.
It is averred that said succession was opened in the Fifth District in 1848, where it has been under administration, until in July, 18G6, when a motion was made for the purpose, and after hearing the parties, the Judge thereof ordered the said record and proceedings to be transferred to the Second District Court, as belonging to the exclusive jurisdiction of that court, which order was executed on the fifth day of February, 1867, since which time the Second District Court has entertained'and exercised jurisdiction over said succession, as though it had been originally opened there. That in I860, John D. Champlin et als. instituted suit in the said Second District Court against the said Bakewell and Gordon, as executors, to which they filed an exception to the jurisdiction of said Court, which was overruled, and after a hearing on the merits, judgment was rendered in favor of the plaintiffs therein, and the defendants, the relators here, took a suspensive appeal. That subsequent to said appeal the said plaintiffs (Champlin et als.l took a rule in the mortuary proceedings of Alexander Gordon, to have the executors, Bakewell and Gordon, removed for cause, to which they set up the plea to the jurisdiction of the said Second District Court, which was overruled. That they alsq excepted to the right of the said plaintiffs to take any such proceeding pending the suspensive appeal -from their judgment, which was also overruled, and judgment of dismissal from their trust was rendered against the relators, as executors of Alexander Gordon, from which they say, there is no suspensive appeal. ,
The Judge of the Second District Court answers that the judgment rendered by him in the suit of Champlin et als. v. Bakewell and Gordon, *467 executors, in-which the exception to the jurisdicton Was made, is'final and conclusive, until reversed on appeal, and the question of jurisdiction cannot be again raised pending the appeal thereon. That as regards the dismissal of the said executors, they did not raise the question of jurisdiction, until after the judgment was rendered, and then in a rule for a new-trial, and that an application for a writ’of prohibition was not made until after said rule for a new trial was set aside, and the final judgment of dismissal regularly signed, consequently the writ could not prevent their removal. That when the question of jurisdiction was first presented, after full argument and mature deliberation, ho came to the conclusion (in February, 1867) that the Second District Court legally had jurisdiction of the said succession of Alexander Gordon, and that the Fifth District Court rightly transferred the record thereof.
The question is, does the cognizance of the cause belong to tho Second or the Fifth District Court?
There is nothing ralione materice, which prevents the Second District Court from entertaining jurisdiction of the cause; for said court is specially vested with succession jurisdiction, and the question depends for solution on the fact, whether or not the several statutes, organizing the courts in this city, at different times, confined the jurisdiction of this succession to the Fifth District Court, where it was opened in 1848.
The act of 1853 (p. 190) continued, in express terms, the jurisdiction of the Fifth Court over this succession and only required all successions thereafter to be opened in the Second Court. The 9th section of the act of 1855 (p. 316) enacts: “That all successions shall be opened and administered in the Second District Court, and all appointments that may become necessary in the course of administration of estates, all matters relating to the tutorship of minors, curatorship of persons interdicted and of absentees, shall be made and carried on in said Court.” By the last section all laws on the same subject-matter, except in the Codes,were repealed. This 9th section did not necessarily and by its own vigor, divest other courts of the city of jurisdiction over succession causes then pending in them respectively. Had the law-maker intended such effect, he would have said so in express terms, and not left, so important a matter to uncertain construction.
By the common action and judgment of the bonch and bar, tho administration of successions opened in the several courts, was continued therein, after the Second District Court was established as the probate court specially. The Fifth District Court, therefore, held jurisdiction over said succession at the passage of the act of 1865 (p. 84), by which the Second District was made strictly a probate court, and vested with exclusive jurisdiction only of all successions and probate causes, etc., but by the 17th section, specially provided that said act should not apply to the cases then pending or filed before the several District Courts, and all laws on the same subject-matter were repealed; thus removing any doubt, if any could exist, as to the effect of any construction of t 1855. The act of 1865 confirmed the jurisdiction of the Fiftl Court over the succession of Alexander Gordon, which was t ing before said Court, and in our opinion the cognizanc *468 cause" does not belong to the Second District Court, but to the Fifth. C. P. Art. 846. . ,
The executors were qualified before, and responsible to, the Fifth Court, and the law has not provided for a change of that responsibility to another tribunal.
In this proceeding, we can do nothing more than forbid the Judge of the Second District Court from proceeding further in the cause. We do not enquire into the correctness of any order which may have been made by the Judge of the Fifth Court, such a question being. examinable on appeal.
If; is therefore ordered that the'provisional writ of prohibition issued herein be made perpetual, and that the Judge of the Second District Court of-New Orleans be perpetually prohibited from proceeding further in the matter, of the succession of Alexander Gordon, deceased, and the suit of John D. Champlin et als. v. W. G. Bakewell, executor and Ann B. Gordon, executrix of the last will of the said Alexander Gordon, being No. 27,047 on the docket of said Court, and from taking cognizance of any proceedings, connected therewith, and that the said JohnD. Champlin et als. be prohibited from taking any further proceedings in the said Second District Court against the said succession of Alexander Gordon, and in their suit against W. G. Bakewell, executor, and Ann B. Gordon, executrix, No. 27,047 on the docket of said Second District Court of New Orleans.....